Danny Wayne ECKMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 58794.

Court of Criminal Appeals of Texas, En Banc.

July 16, 1980.

---

James L. Weir, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Douglas O'Brien, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ODOM, Judge.

This is an appeal from a conviction for driving while intoxicated. Punishment was assessed at 30 days and a $250 fine, and appellant was placed on probation for one year.

In his only ground of error appellant complains of jury charge error. On original submission it was held that the charge actually given was sufficient to protect appellant's rights.

Appellant requested the following charge:

"You are instructed that as a part of the law in this case, when the Code or another penal law establishes a presumption with respect to any fact, i. e., in this case the State has offered into evidence that the amount of alcohol in [_____] blood at the time of the alleged offense, if he did commit such offense, shall be admissible if there was at that time 0.10 percent or more by weight of alcohol in his blood, it shall be presumed that he was under the influence of intoxicating liquor. Therefore you are instructed as follows:

"A. That the facts giving rise to the presumption must be proved by the state beyond a reasonable doubt;

"B. That even if such facts are proven by the State beyond a reasonable doubt and you, the Jury, may find that the elements of the offense sought to be presumed exist, but you are not bound to so find;

"C. Further, that even though you the Jury may find the existence of such element, the State must prove beyond a reasonable doubt each of the other elements of the offense charged; and

"D. If you the Jury have a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose."

The Court gave the jury the following instruction, which was relied on in the decision on original submission:

"You are further instructed that if it is shown by chemical analysis of a person's blood, urine or other bodily substance, that there was at the time of the act alleged 0.10 per cent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor: however, such amount of alcohol in the blood of the person, if you find there was such amount of alcohol in the blood of the person, merely raises a legal presumption that such person was under the influence of intoxicating liquor, which presumption may be overcome by evidence showing that such person was not under the influence of intoxicating liquor."

Appellant argues that the charge actually given did not adequately protect his rights,

that it shifted the burden of proof with respect to the issue, and that it violated the mandatory provision of V.T.C.A., Penal Code Sec. 2.05. That statute provides:

"When this code or another penal law establishes a presumption with respect to any fact, it has the following consequences:

"(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and

"(2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

"(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

"(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

"(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

"(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose."

It will be noted that Sec. 2.05(2) specifically states "the court *shall* charge the jury" on the points stated in Sec. 2.05(2)(A)–(D). Unlike in *Slagle v. State*, 570 S.W.2d 916 (Tex.Cr.App.), appellant here specifically requested a charge, and, unlike the charge requested in *Parr v. State*, 575 S.W.2d 522 (Tex.Cr.App.), appellant's request was substantially the same as that mandated by Sec. 2.05.

We hold the denial of appellant's requested charge violated the mandate of Sec. 2.05, supra, and constituted reversible error. We also observe that the charge actually given instructed the jury that the presumption "may be overcome by evidence," while it neglected to inform the jury, as required by Sec. 2.05, that if it had "a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose." In this respect the charge was at best confusing, and could have shifted the burden of proof in the minds of the jurors.

The motion for rehearing is granted and the judgment is reversed.

W. C. DAVIS, J., dissents.