**Noble Charles GINTHER, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61385.**

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 8, 1980.

William W. Burge, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Alvin M. Titus, and George Lambright, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for driving while intoxicated. Punishment was assessed by the jury at confinement for 15 days and a fine of $200; however, the imposition of the sentence was suspended and appellant was placed on probation. On November 21, 1979, this Court abated appellant's appeal so that he might be provided with effective assistance of counsel and to allow a brief to be filed on his behalf. The appeal has now been reinstated and the record is properly before the Court.

In ground of error number one, appellant contends that the trial court committed reversible error in refusing to instruct the jury pursuant to Section 2.05, V.T.C.A. Penal Code, concerning the presumption of intoxication. In ground of error number two, appellant contends that the charge submitted to the jury erroneously shifted the burden of proof to appellant because it did not charge that the facts giving rise to the presumption have to be proved beyond a reasonable doubt.

■ The charge requested by the appellant and refused by the trial court is as follows:

"You are instructed that under our law when a person is shown to have 0.10% alcohol by weight in his blood, then it is presumed that said person was intoxicated. However, such a presumption is rebuttable.

Before you may presume the defendant to be intoxicated based on a chemical test of his blood, breath or urine, you must find beyond a reasonable doubt that at the time he was driving his automobile, if he was, he had 0.10% alcohol by weight in his blood. If you have a reasonable doubt as to whether or not the defendant's blood–alcohol level was 0.10% by weight, or more, at the time he was driving his vehicle, if he was, then you may not presume him to have been intoxicated based upon a chemical analysis of his blood, breath or urine.

Even if you find beyond a reasonable doubt that at the time he was driving his vehicle, if he was, the defendant had 0.10%, or more, alcohol by weight in his blood, although you may presume him to have been intoxicated at that time you are not bound to do so and even if you do so find beyond a reasonable doubt that the defendant's blood–alcohol level was 0.10%, or more, by weight, still you must acquit the defendant if you have a reasonable doubt as to whether or not he was intoxicated, as that term has been defined."

The charge submitted by the trial court recites:

"The defendant, NOBLE CHARLES GINTHER, stands charged by information with the offense of driving a motor vehicle while intoxicated upon a public highway here in Harris County, Texas, it being alleged that said offense was committed in Harris County, Texas, on or about the 8th day of June A.D., 1978, to which charge the defendant has pleaded 'Not Guilty'.

You are instructed that a person is presumed to be intoxicated within the meaning of the law when he does not have the normal use of his physical and mental

faculties by reason of the use of intoxicating liquor.

You are further instructed that as a part of the law in this case that when a breath, blood, or urine analysis is 0.10 per cent or more by weight of alcohol in the person's blood, then the defendant is presumed to be intoxicated within the meaning of the law; however such legal presumption of intoxication may be overcome by evidence showing that such person was not under the influence of intoxicating liquor.

THEREFORE, if you believe from the evidence beyond a reasonable doubt that the defendant, on or about the 8th day of June A.D., 1978, in the County of Harris, State of Texas, did unlawfully drive and operate a motor vehicle upon a public highway while then and there intoxicated, then you will 'find the defendant guilty.

If you do not so believe, or if you have a reasonable doubt thereof, then you will find the defendant not guilty."

Recently, the Court has dealt squarely with the issue presented in this case. In *Eckman v. State*, 600 S.W.2d 937 (Tex.Cr.App.1980) (Opinion on Motion for Rehearing), the defendant contended that the charge to the jury did not adequately protect his rights, that it shifted the burden of proof with respect to the issue of intoxication, and that it violated the mandatory provision of Section 2.05, supra. The Court held:

"It will be noted that Sec. 2.05(2) specifically states 'the court *shall* charge the jury' on the points stated in Sec. 2.05(2)(a)–(D) ... We hold the denial of [defendant's] requested charge violated the mandate of Sec. 2.05, supra, and constituted reversible error. We also observe that the charge actually given instructed the jury that the presumption 'may be overcome by evidence,' while it neglected to inform the jury, as required by Sec. 2.05, that if it had 'a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.' In this respect, the charge was at best confusing, and could have shifted the burden of proof in the minds of the jurors."

The charge in the instant case suffers from the same infirmities as did the charge to the jury in *Eckman v. State*, supra. Accordingly, we find that the trial court erred in denying the appellant's requested charge.

The judgment is reversed and remanded.