**Rosalie Wright COBERLY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–133–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 6, 1982.

Law Offices of Malcolm Dade and Malcolm Dade, Dallas, for appellant.

Tim Curry, Dist. Atty., and Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION ON REHEARING

HUGHES, Justice.

Appellant's motion for rehearing is granted. We withdraw our original opinion in this case and substitute this opinion therefor, without changing the judgment of 8–11–82.

Rosalie Wright Coberly has appealed her conviction of the offense of possession with intent to promote an obscene device, to-wit: an artificial vagina. Her punishment was assessment of a $2,000.00 fine and three months confinement in jail which was probated for one year.

We reverse and remand.

V.T.C.A. Penal Code, sec. 43.21(a)(7) (Supp.1982) provides:

"Obscene device" means a device including a dildo or artificial vagina, designed or marketed as useful primarily for the stimulation of human genital organs.

It was established that appellant was managing and solely operating the Red Letter News Stand where a variety of sex devices were offered for sale. Among these devices were dildos and artificial vaginas (State's Exhibits 36, 37 and 38). These devices and others were seized when a search warrant was executed with service on appellant on November 16, 1979. Catalogs, films and magazines were also taken.

Appellant was charged by information with five counts of possession of various obscene devices with intent to promote and with one count of promoting by selling an obscene device. She was convicted of possession of an artificial vagina with intent to promote same, being the only count the trial court submitted to the jury.

■ By her thirteenth ground of error appellant complains that she was denied due process by the trial court's instruction to the jury that a person who possesses six or more obscene devices or identical or similar obscene articles is presumed to possess them with intent to promote the same. V.T.C.A. Penal Code, sec. 43.23(f) (Supp. 1982), provides for this presumption.

V.T.C.A. Penal Code, sec. 2.05 (Supp.1982) addresses the consequences of presumptions and their submission to juries. In particular, sec. 2.05(2)(A)–(D) addresses jury instructions. It reads as follows:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

In *Eckman v. State*, 600 S.W.2d 937 (Tex. Cr.App.1980) an *en banc* court found reversible error in a refusal to grant a request that the instructions as set forth in sec.

2.05(2)(A)–(D) be submitted. In *Eckman* the trial court instructed the jury on the presumption of intoxication when blood alcohol levels reach a certain point. The trial court's instruction included this language:

"[H]owever, such amount of alcohol in the blood of the person, if you find there was such amount of alcohol in the blood of the person, merely raises a legal presumption that such person was under the influence of intoxicating liquor, which presumption may be overcome by evidence showing that such person was not under the influence of intoxicating liquor."

The court emphasized that the language of sec. 2.05(2)(A)–(D) is mandatory. It was also pointed out that the instruction given was confusing and could have shifted the burden of proof in the minds of the jurors.

*Eckman* is distinguishable from this case in that the trial court here stated the presumption without any limiting instructions. The fact that no limiting instructions were given here makes it a more blatant case than *Eckman*. The complete omission of limiting instructions here presented the presumption as being irrebuttable.

It is the fact that the trial court's instruction presented the presumption as irrebuttable which denied the appellant due process. In view of the mandatory nature of sec. 2.05(2)(A)–(D) we hold that the trial court erred reversibly in not limiting the application of the presumption. The trial court's error was fundamental in that it was calculated to injure appellant's rights and deprived him of a fair and impartial trial.

Although we have reversed this case on ground of error thirteen, we deem it proper to pass upon grounds of error one through seven.

The first four grounds of error involve constitutional questions:

One—Is the statutory definition of obscene device, as applied in this case, unconstitutionally vague?

Two—Is the statutory prohibition against obscene devices constitutionally overbroad?

Three—Is the individual's constitutional right of privacy violated by such prohibition?

Four—Does House Bill No. 1741 violate article 3, section 35 of the Texas Constitution?

■ As to ground one, appellant contends that the State must prove, beyond a reasonable doubt, that the artificial vagina here involved was "designed or marketed as useful primarily for the stimulation of human genital organs." State contends that artificial vagina is statutorily defined as an obscene device and that it did not have to prove it as such. We agree with the State.

■ Indeed, appellant was squarely on notice that her possession of such device for purpose of sale was penally prohibited. The overbreadth and vagueness doctrines do not apply where the defendant's acts are within the prohibited zone. *Smith v. State,* 478 S.W.2d 518 (Tex.Cr.App.1972); *Deeds v. State,* 474 S.W.2d 718 (Tex.Cr.App.1971). We do not find the statutory definition too vague nor the statutory prohibition overbroad and we overrule grounds of error one and two. *Sewell v. Georgia,* 238 Ga. 495, 233 S.E.2d 187 (1977).

■ We overrule ground of error number three which asserts that the individual's constitutional right of privacy was violated in the statutory prohibition of promoting obscene devices. "This concept (privacy in the home) cannot be equated with a 'zone' of privacy which would surround the purveyor and consumer of obscene materials." (Parenthetical insertion ours). *Goodwin v. State,* 514 S.W.2d 942 (Tex.Cr.App.1974).

■ We overrule ground of error number four in which appellant claims House Bill No. 1741 is unconstitutional because its caption only refers to "the definition of obscene and to the elements of and penalties for the offense of obscenity." Specifically, appellant avers that the caption's reference to the definition of the term "obscene" does not embrace the definition of "obscene device," as required by article 3, section 35 of the Texas Constitution. In short, the constitutional article states that any subject

embraced in an act which is not expressed in the title of the act shall be void to the extent of such unexpressed subject. We hold the term "obscene device" to be a form of the general term "obscenity" and that such general term sufficiently puts the members of the legislature and the public on notice of what to expect from the bill. Here, the caption gives fair notice of its general contents and is entitled to a liberal construction. *Bates v. State,* 587 S.W.2d 121 (Tex.Cr.App.1979).

Was the search warrant used to search the premises of the Red Letter improperly admitted into evidence; was it invalid because it was not supported by an affidavit establishing probable cause; and was it an unconstitutional general warrant?

 It is apparent that the search warrant should not have been admitted into evidence. *Figueroa v. State,* 473 S.W.2d 202 (Tex.Cr.App.1971). However, Officer D.G. Moon testified to practically the same facts as were in the warrant and effectively emasculated the error. *Doggett v. State,* 530 S.W.2d 552 (Tex.Cr.App.1976).

State's Exhibit 2 contains what is denominated "AFFIDAVIT FOR SEARCH WARRANT—OBSCENE DEVICES." Such instrument has no jurat. Under the signature *"D.G. Moon"* is simply the signature, "Bob Ashmore" on a line under which is typed:

Justice of the Peace

Precinct No. 1, Place No. 2

Fort Worth, Tarrant County, Texas.

Contained also in State's Exhibit 2 is a search warrant, with the same signature and designation, which, in its opening paragraph states:

"WHEREAS, Affiant, in writing, under oath, has been made before me by Officer D.G. Moon # 1432, Fort Worth Police Department, Vice Section, stating that . . ."

 We overrule the sixth ground of error that the search warrant was invalid because it was not supported by an affidavit establishing probable cause. The jurat is not a part of the affidavit. *Alexander v. State,* 123 Tex.Cr.R. 65, 57 S.W.2d 157 (1933). Where a jurat is defective, other evidence may be admitted to show it to be properly sworn to. *Stanzel v. State,* 112 Tex.Cr.R. 628, 18 S.W.2d 158 (1929); *King v. State,* 167 Tex.Cr.R. 440, 320 S.W.2d 677 (1959).

The search warrant, as shown above, recites that the affidavit was sworn to before the same justice of the peace whose jurat was incomplete on the affidavit.

 We do not hold the search warrant to be an unconstitutional general warrant as alleged by ground of error number seven, which we overrule.

The vagina was sufficiently described by reference to the affidavit in which it was described as "a simulated female vagina." The seizure of the vagina would have been valid even without a search warrant, being a legally proscribed device, in plain view in a public place was contraband, and subject to such seizure. *Lo-Ji Sales Inc. v. New York,* 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979); *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). Even though the seizure orders numbers 2, 3 and 4 in the search warrant were too general, the search and seizure of the vagina under seizure order number 1 was not invalidated thereby. *Walthall v. State,* 594 S.W.2d 74, (Tex.Cr.App.1980).

We have examined grounds of error eight through twelve and found them without merit. We overrule such grounds of error and deem it unnecessary to write further thereon.

The judgment of the trial court is reversed and the cause is remanded for a new trial.