**Philip Wayne WOLFF, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–82–238–CR(T).**

Court of Appeals of Texas,
Austin.

March 30, 1983.

William W. Looney, Jr., Killeen, for appellant.

Patrick J. Ridley, County Atty., Belton, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

EARL W. SMITH, Justice.

In a jury trial, and on his plea of not guilty, appellant was convicted of the misdemeanor offense of driving and operating a motor vehicle upon a public road and highway while under the influence of intoxicating liquor. Punishment was assessed by the court at confinement in the county jail of Bell County for sixty days, probated for eight months, and a fine of $250 was imposed.

Appellant's ground of error is that the trial court committed reversible error by overruling his motion for instructed verdict. He contends that the State was required to show the percentage of alcohol in his blood by weight, and since there was no proof on that point, the evidence presented by the State was insufficient to establish guilt beyond a reasonable doubt.

Because we have reached the conclusion that the trial court committed fundamental error in its charge to the jury, we need not discuss appellant's ground of error except in the limited context herein noted.

A review of the statement of facts in this case reveals that more than one-half thereof consists of the examination and cross examination of the two State's witnesses. Much of their testimony had to do with the administration of a breathalyzer test to appellant and with the question of whether or not the test was properly administered and correctly interpreted. The result of the breathalyzer test, as testified to by patrolman Nesby, showed that appellant had "12 one hundredths percent alcohol in his blood." There is no mention of alcoholic content in the blood by weight.

Texas Rev.Civ.Stat.Ann. art. 6701*l*–5, § 3(a) (1977) provides:

[u]pon the trial of any criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a motor vehicle and while under the influence of intoxicating liquor, evidence of the amount of alcohol in the person's blood at the time of the act alleged as shown by chemical analysis of his blood, breath, urine, or any other bodily substance, shall be admissible and if there was at that time 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor.

Texas Pen.Code Ann. § 2.05 (Supp.1982) provides:

[w]hen this code or another penal law establishes a presumption with respect to any fact, it has the following consequences:

(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and

(2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

■ The Court of Criminal Appeals has held that compliance with Tex.Pen.Code Ann. § 2.05 is mandatory. *Ginther v. State*, 605 S.W.2d 610, 612 (Tex.Cr.App. 1980); *Eckman v. State*, 600 S.W.2d 937, 939 (Tex.Cr.App.1980). Since Tex.Pen.Code Ann. § 2.05 (Supp.1982) was enacted by the

Legislature subsequent to the enactment of Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5 (1977), the trial court, in charging the jury on presumptions, must be guided by the provisions of the Texas Penal Code.

In the instant case, the court charged the jury on presumptions as follows:

you are further instructed that if it is shown by chemical analysis of a person's blood, breath, urine, or other bodily substance, that there was at the time of the act alleged 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor; however, such amount of alcohol in the blood of the person, if you find there was such amount of alcohol in the blood of the person, merely raises a legal presumption that such person was under the influence of intoxicating liquor, which presumption may be overcome by competent evidence showing that such person was not under the influence of intoxicating liquor.

The charge in this case is virtually the same as given in *Ginther* and *Eckman, supra.* Both cases were reversed for failure to honor the defendant's request that the court charge the jury further on the points stated in Tex.Pen.Code Ann. § 2.05(2)(A)–(D) (Supp.1982). In *Eckman,* the Court held:

[i]t will be noted that Sec. 2.05(2) specifically states "the court *shall* charge the jury" on the points stated in Sec. 2.05(2)(A)–(D). . . .

We hold the denial of appellant's requested charge violated the mandate of Sec. 2.05, supra, and constituted reversible error. [emphasis in original]

The charge in the instant case suffers from the same vice as those given in *Ginther* and *Eckman.* However, no objection was made to the charge in this case. Therefore, it remains for us to determine whether fundamental error was committed by the trial court for failure to charge on the points stated in § 2.05(2)(A)–(D). We are not unmindful of the holdings in *Carr v. State,* 600 S.W.2d 816 (Tex.Cr.App.1980)

(with no objection to the charge, it was not fundamental error to fail to track the language of Tex.Pen.Code Ann. § 2.01, relating to presumption of innocence) and *Keith v. State,* 499 S.W.2d 187 (Tex.Cr.App.1973) (where the Court held that appellant's contention that the court improperly charged the jury on presumption of intoxication was not before the appellate court in the absence of a written objection). In the absence of an objection to the charge, we are most reluctant to reverse the conviction for fundamental error. However, we are mindful of the many cases of the Court of Criminal Appeals reversing convictions for fundamental error in the jury charge. *See Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr. App.1979); McClung, Jury Charges for Texas Criminal Practice, pp. 3–5 (1983).

In *Slagle v. State,* 570 S.W.2d 916, 920 (Tex.Cr.App.1978), the Court said:

[o]ur determination of whether fundamental error exists in the court's charge must be based on the record as a whole.

It is that standard which we must apply. In this case the trial court wholly failed to meet the mandatory requirements of Tex. Pen.Code Ann. § 2.05(2)(A)–(D). Nowhere in its charge did the court: (1) tell the jury that the facts giving rise to the presumption must be proved *beyond a reasonable doubt* (emphasis supplied); (2) inform the jury "that if such facts are proved beyond a reasonable doubt the jury *may* find that the element sought to be presumed exists, but *it is not bound to so find*" (emphasis supplied); (3) tell the jury "even though the jury may find the existence of such element, the State must prove beyond a reasonable doubt each of the other elements of the offense charged"; or (4) inform the jury that if it "has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose."

The appellant moved for a directed verdict on the ground that the State was required to show the percentage of alcohol in his blood by weight and that there was no proof on that point. In essence, he was

therefore contending that the State had not proved beyond a reasonable doubt one of the elements which would give rise to the presumption.

In stating in his charge to the jury *"it shall be presumed"* (emphasis supplied), the court went beyond the mandate of Tex.Pen. Code Ann. § 2.05(2)(A)–(B) which states:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury *may find* that the element of the offense sought to be presumed exists, *but it is not bound to so find* . . . . [emphasis supplied]

The error of the court in this respect was compounded during summation. The prosecuting attorney argued "if the results of the [breathalyzer] test were at least .10 Percent or above, and of course we are above that here, then you may presume that he was intoxicated. In other words you don't have to worry about making a decision. If you believe that the instrument was run properly, you can just sit back and say that part of the decision has been taken care of. The law is telling you that you can presume—." An objection was leveled that the argument "was a misstatement of the law. The law goes further." The objection was overruled. The prosecuting attorney then went on to say, "and the presumption says that all persons at .10 Percent or above are intoxicated—all persons are intoxicated at .10 Percent." Again, an objection that the argument was a misstatement of the law was overruled. The trial court then said, "Mr. Miller [the prosecutor], I believe it says 'it *shall be presumed* that the person was under the influence of intoxicating liquor.'" (emphasis supplied)

The Court of Criminal Appeals, in *Eckman, supra,* said:

[w]e also observe that the charge actually given instructed the jury that the presumption "may be overcome by evidence," while it neglected to inform the jury, as required by Sec. 2.05, that if it had "a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose." *In this respect the charge was at best confusing, and could have shifted the burden of proof in the minds of the jurors.* [emphasis supplied]

The thrust of the prosecutor's argument was that if the test showed above .10 Percent alcohol, there is a *conclusive* presumption that the person is intoxicated. The trial court's statement in the presence of the jury that "it shall be presumed that the person was under the influence of intoxicating liquor," when taken in conjunction with the trial court's charge, had the effect of telling the jury that the presumption was mandatory.

In *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), the defendant was charged under a Montana statute with deliberate homicide in that he "purposefully or knowingly" caused the victim's death. At trial, the defendant argued, that although he killed the victim, he did not do so "purposefully or knowingly" and, therefore, was not guilty of deliberate homicide. The trial court charged the jury that "[t]he law presumes that a person intends the ordinary consequences of his voluntary acts," over defendant's objection that this instruction had the effect of shifting the burden of proof on the issue of purpose or knowledge. The United States Supreme Court, in reversing the conviction, held:

[t]hey [the jury] were not told that they had a choice, or that they might infer that conclusion; they were only told that the law presumed it. It is clear that a reasonable juror could easily have viewed such an instruction as mandatory. See generally *United States v. Wharton,* 139 U.S.App.D.C. 293, 298, 433 F.2d 451, 456 (1970); *Green v. United States,* 132 U.S. App.DC 98, 99, 405 F.2d 1368, 1369 (1968). . . .

Petitioner's jury was told that "the law presumes that a person intends the ordinary consequences of his voluntary acts." They were not told that the presumption

could be rebutted, as the Montana Supreme Court held, by the defendant's simple presentation of "some" evidence; nor even that it could be rebutted at all. Given the common definition of "presume" as "to suppose to be true without proof," Webster's New Collegiate Dictionary 911 (1974), and given the lack of qualifying instructions as to the legal effect of the presumption, we cannot discount the possibility that the jury may have interpreted the instruction in either of two more stringent ways.

First, a reasonable jury could well have interpreted the presumption as "conclusive," that is, not technically as a presumption at all but rather as an irrebuttable direction by the court to find intent once convinced of the facts triggering the presumption. Alternatively, the jury may have interpreted the instruction as a direction to find intent upon proof of the defendant's voluntary actions (and their "ordinary" consequences), unless the defendant proved the contrary by some quantum of proof which may well have been considerably greater than "some" evidence—thus effectively shifting the burden of persuasion on the element of intent. Numerous federal and state courts have warned that instructions of the type given here can be interpreted in just these ways. . . .

We conclude that under either of the two possible interpretations of the instruction set out above, precisely that effect [shifting the burden of proof] would result, and that the instruction therefore represents constitutional error.

The Supreme Court went on to hold that the jury may have interpreted the judge's instruction as constituting either a burden-shifting presumption, or a conclusive presumption, and that because either interpretation would have deprived defendant of his right to due process of law, the instruction given in *Sandstrom* was unconstitutional.

 We are constrained to hold that the trial court committed fundamental error in its charge to the jury. We therefore reverse and remand this case because of trial error. We have reviewed the evidence in the case and have found that the evidence, disregarding altogether the breathalyzer testimony, is sufficient for the jury to have found guilt beyond a reasonable doubt. *See Hooker v. State,* 621 S.W.2d 597 (Tex.Cr.App.1980).

Since this is a case of trial error, as distinguished from evidentiary insufficiency, applying the principles of *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), we reverse the judgment of the trial court and remand this cause.