**Paul Lyndon CHILDRESS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–01090–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

June 2, 1988.

Rokki Ford Roberts, Houston, for appellant.

John B. Holmes, Dist. Atty., Harris County, J. Harvey Hudson, Asst. Dist. Atty., for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

DUGGAN, Justice.

This is an appeal from a conviction for selling obscene material. The defendant pleaded nolo contendere pursuant to a plea bargain, and the court assessed the recommended punishment of 3 days in jail and a fine of $400.

Appellant raises two points of error. First, he complains that the court erred in denying his pre-trial motion to quash the indictment because the Texas Obscenity Statute, Tex.Penal Code Ann. § 43.21 (Vernon 1988), is unconstitutionally vague, and therefore void. Second, he complains that the trial court erred in denying his motion to quash because there was no timely and proper determination of obscenity. We overrule both points of error, and affirm the conviction.

In his first point of error, appellant asserts generally that the statute is unconstitutionally vague. In response to over-

breadth attacks upon specific sections of the statute, courts have held that the Texas Obscenity Statute complies with *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and is not unconstitutionally vague. *Andrews v. State,* 652 S.W.2d 370 (Tex.Crim.App.1983); *Boyd v. State,* 643 S.W.2d 700 (Tex.Crim.App.1982).

Here, appellant fails to direct the court's attention to any specific statutory language alleged to be indefinite, vague, and uncertain. He restates the general proposition that a statute may be unconstitutionally overbroad, but fails to allege or argue any deficiency of this particular statute—either in general or as applied to him. We decline to engage in a search for unconstitutionality in the absence of a specific attack upon a statute held to be otherwise constitutional. *Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex.Crim.App.1978).

We overrule appellant's first point of error.

■ Appellant's second point of error alleges that the court erred in denying his pre-trial motion to quash the indictment because there was no timely and proper determination of obscenity. Appellant did not raise this issue in his motion to quash. Instead, appellant there argued that the Texas Obscenity Statute contravenes the first and fourteenth amendments because it complies with *Miller v. California,* and not the allegedly new constitutional formulation announced in *Pope v. Illinois,* —— U.S. ——, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987). We consider this point of error to the extent appellant addresses the *Pope/Miller* issue raised in the motion to quash, but we lack jurisdiction to consider appellant's argument that an independent, pre-arrest, judicial determination of obscenity is a prerequisite of a constitutional prosecution for the sale of obscene material. *See Morris v. State,* 749 S.W.2d 772 (Tex. Crim.App.1986) (in appeal from plea bargain, jurisdiction extends only to issues raised in pre-trial motion, or within permission to appeal granted by trial court).

■ In *Pope,* the Court found error in a jury instruction that allowed the jury to apply community standards in determining whether the allegedly obscene material, taken as a whole, lacked serious literary, artistic, political, and scientific value. The Court then remanded the case to the Illinois Court of Appeals to determine whether the error was harmless. *Pope v. Illinois,* 107 S.Ct. at 1923. The Court relied upon the *Miller* formulation [1] as the proper constitutional test for obscenity, thus reaffirming its application. *Id.* at 1920. Because the Texas statute tracks the *Miller* formulation,[2] and does not inject considerations of community standards into the separate determination of the work's value, it complies with *Pope* and passes constitutional muster.

We overrule appellant's second point of error.

The judgment is affirmed.

---

1. The test for obscenity announced in *Miller v. California,* 413 U.S. at 25–26, 93 S.Ct. at 2615–2616, provides that a work is obscene if: (a) the average person, applying contemporary community standards, would find that the work, taken as a whole, appeals to the prurient interest; (b) the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

2. Tex.Penal Code Ann. § 43.21 defines obscenity as material or a performance that:

    (A) the average person, applying contemporary community standard, would find that taken as a whole appeals to the prurient interest in sex;

    (B) depicts or describes: (i) patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated, including sexual intercourse, sodomy, and sexual bestiality; or (ii) patently offensive representations or descriptions of masturbation, excretory functions, sadism, masochism, lewd exhibition of the genitals, the male or female genitals in a state of sexual stimulation or arousal, covered male genitals in a discernibly turgid state or a device designed and marketed as useful primarily for stimulation of the human genital organs; and

    (C) taken as a whole, lacks serious literary, artistic, political, and scientific value.