**Danny Antonio DRUMMOND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00767–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

June 2, 1988.

Rokki Ford Roberts, Houston, for appellant.

John B. Holmes, Harris County Dist. Atty., for appellee.

Before EVANS, C.J., and DUNN and SAM BASS, JJ.

OPINION

DUNN, Justice.

Appellant pleaded nolo contendere, without a plea agreement, to a charge of selling obscene materials. The trial court found appellant guilty and sentenced him to four days confinement in the Harris County jail and a fine of $350.

We affirm.

■ In both his points of error, appellant argues that the trial court erred in denying his pretrial motion to quash. Appellant contends, in his first point of error, that "the statute" (presumably Texas Penal Code Ann., chapter 43, subchapter B (the "Texas Obscenity Statute") (Vernon 1988)) violated the first and fourteenth amendments of the U.S. Constitution. In his motion to quash, however, appellant failed to state the portions of the statute that he believed to be unconstitutionally vague. In fact, the only portion of the statute to which he specifically referred was Tex.Penal Code Ann. sec. 43.21(a)(1)(A) (Vernon 1988). In his brief on appeal, appellant presents this Court with a general synopsis of first amendment law, but fails to enumerate what part of the Texas Obscenity Statute is vague, either in itself or as applied in the instant case, nor does appellant detail for this Court a risk or detriment to which he has been exposed without fair warning. Appellant presents nothing for this Court to review.

The Texas Court of Criminal Appeals has held that the specific portion of the statute found in section 43.21(a)(1)(A) is not unconstitutionally vague (in its use of the terms "prurient interest" and "patently offensive"). *Andrews v. State*, 652 S.W.2d 370, 382 (Tex.Crim.App.1983). Furthermore, Texas' courts of appeals have resolved the issue of section 43.21(a), as a whole, in favor of its constitutionality: *Hoyle v. State*, 650 S.W.2d 97, 99 (Tex.App.—Houston [14th Dist.] 1982), *rev'd on other grounds*, 672 S.W.2d 233 (Tex.Crim.App. 1984); *Hall v. State*, 646 S.W.2d 489, 491 (Tex.App.—Houston [1st Dist.] 1982), *rev'd on other grounds*, 661 S.W.2d 101 (Tex. Crim.App.1983); *Shelton v. State*, 640 S.W. 2d 649, 654 (Tex.App.—Houston [1st Dist.] 1982, no pet.); and *Coberly v. State*, 640 S.W.2d 428, 430 (Tex.App.—Fort Worth 1982), *pet. ref'd per curiam*, 644 S.W.2d 734 (Tex.Crim.App.1983). These cases are persuasive authority for finding section 43.-21(a) constitutional, especially in light of the fact that appellant fails to enumerate a specific example of how the statute operates against him, or in general, in an unconstitutional fashion.

Attacks may yet be levelled at this statute, complaining of its unconstitutionality in specific applications. However, because appellant has failed to enumerate a single example of an unconstitutional application, we hold that the presumption of the statute's constitutionality remains unrebutted. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Crim.App.1978); *Broyles v. State*, 552 S.W.2d 144, 148 (Tex.Crim.App.1977).

We overrule appellant's first point of error.

In his second point of error, appellant appears to raise a two-pronged attack on the trial court's decision to deny his motion to quash. First, appellant argues that the recent decision in *Pope v. Illinois*, —— U.S. ——, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987), represents such a substantial departure from the guidelines contained in the landmark decision of *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), that it has rendered the Texas Obscenity Statute, which was patterned on the *Miller* guidelines, unconstitutional. Second, appellant appears to argue that the evidence in the instant case was insufficient to support his conviction because the State failed to obtain a judicial determination that the "magazine" was statutorily obscene.

■ Addressing as an initial matter the latter of appellant's two arguments, we observe that he pleaded *nolo contendere*. Furthermore, appellant did not raise this particular argument, nor even an argument similar to it, in his motion to quash, nor did he obtain the trial court's permission to argue so on appeal. This configuration of circumstances renders this Court jurisdictionally unable to address appellant's argument. *Helms v. State*, 484 S.W.2d 925, 927

(Tex.Crim.App.1972); *see also King v. State*, 687 S.W.2d 762, 765–66 (Tex.Crim. App.1985) (holding that the *Helms* rule survives the enactment of Tex.Code Crim.P. Ann. art. 44.02 (Vernon 1979) and applies when: (1) appellant pleads *nolo contendere* and (2) does not engage in a plea bargain).

Turning to his remaining attack on the trial court's decision to deny his motion to quash, we believe that appellant's reliance on *Pope v. Illinois*, 107 S.Ct. at 1918, is misplaced. In *Miller v. California*, 413 U.S. at 25–26, 93 S.Ct. at 2615–2616, the United States Supreme Court held that if state legislatures would observe the following guidelines when drafting their obscenity statutes, the resulting statutes would not conflict with the first and fourteenth amendments:

(a) whether "the average person, applying contemporary community standards" would find that the work, taken as a whole, appeals to the prurient interest . . .;

(b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and

(c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

(Citations omitted.)

The Texas Obscenity Statute defines the term "obscene" as follows:

"Obscene" means material or a performance that:

(A) the average person, applying contemporary community standards, would find that taken as a whole appeals to the prurient interest in sex;

(B) depicts or describes:

(i) patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated, including sexual intercourse, sodomy, and sexual bestiality; or

(ii) patently offensive representations or descriptions of masturbation, excretory functions, sadism, masochism, lewd exhibition of the genitals, the male or female genitals in a state of sexual stimulation or arousal, covered male genitals in a discernibly turgid state or a device

designed and marketed as useful primarily for stimulation of the human genital organs; and

(C) taken as a whole, lacks serious literary, artistic, political, and scientific value.

Section 43.21(a)(1).

Thus, the Texas Obscenity Statute adopts the same three-pronged approach recommended in *Miller v. California*, 413 U.S. at 25–26, 93 S.Ct. at 2615–2616. Appellant argues, however, that in *Pope v. Illinois*, 107 S.Ct. at 1921, the United States Supreme Court repudiated the "contemporary community standards" language altogether, and that the Texas statute is, therefore, unconstitutional.

This argument is incorrect. *Pope v. Illinois* held that it is improper to take the "average person, applying contemporary community standards" language from the first prong and insert it into the value test of the third prong. *Id.* In other words, a jury is not to determine a work's "literary, artistic, political, and scientific value" by the community's standards as perceived by an average person. It is obvious from a reading of the Texas Obscenity Statute that the type of error addressed by *Pope v. Illinois* is not present in section 43.21(a)(1).

In no part of *Pope v. Illinois* does the Supreme Court suggest that the *Miller v. California* test has been discarded. Indeed, in his concurrence, Justice Scalia voices his opinion that "[a]ll of today's opinions . . . display the need for reexamination of *Miller*." *Miller v. California*, 107 S.Ct. at 1923 (Scalia, J., concurring). We conclude that the meaning of this statement is that, until *Miller v. California* is reexamined, it remains good law. And, as long as *Miller v. California* is good law, the Texas Obscenity Statute, being based thereon, remains valid.

We overrule appellant's second point of error.

We affirm the judgment of the trial court.