**Kevin Mark HANDL, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. A14–87–00685–CR,
B14–87–00686–CR and
C14–87–00687–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 23, 1988.
Discretionary Review Refused
March 1, 1989.

Rokki F. Roberts, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before J. CURTISS BROWN, C.J.,
and MURPHY and ROBERTSON, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

Appellant entered pleas of nolo contendere before the court to three offenses of obscenity. TEX.PENAL CODE ANN. § 43.23(c)(1). He was convicted in all three cases and sentenced by the court to confinement for twelve days and fine of $500.00 for each offense. We affirm.

Appellant raises two points of error, contending the trial court erred by denying his pretrial motions to quash the informations. In his first point of error, appellant asserts that the statute constituting the basis of these prosecutions is unconstitutionally "indefinite, uncertain and vague." In his second point of error, appellant contends his pretrial motions to quash should have been

granted because "there was not a timely and proper determination of obscenity."

In his first point of error, appellant asserts in a very general manner that the state obscenity statute is void for vagueness. Nowhere does appellant point out what specific portion of the statute is vague, or the manner in which it is vague, either in general or as applied in the instant case. In response to overbreadth attacks upon specific sections of the statute, courts have held the Texas obscenity statute complies with *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and that it is not unconstitutionally vague. *Andrews v. State,* 652 S.W.2d 370 (Tex.Crim. App.1983); *Boyd v. State,* 643 S.W.2d 700 (Tex.Crim.App.1982).

■ Appellant fails to direct the court's attention to any statutory language alleged to be indefinite, vague and uncertain. He restates the proposition that a statute may be constitutionally overbroad, but does not allege or argue how the statute reaches constitutionally-protected conduct. In the absence of a specific attack upon a statute which has been held to be otherwise constitutional, we decline to engage in a search for unconstitutionality. *Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex.Crim.App. 1978). Appellant's first point of error is overruled.

In his second point of error, appellant asserts that the trial court erred in denying his pre-trial motions to quash the informations because there was not a timely and proper determination of obscenity. Appellant's contentions under his second point of error break down into two arguments: First, appellant asserts that the decision in *Pope v. Illinois,* 481 U.S. 497, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987), represents such a substantial departure from the guidelines set forth in *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), upon which the Texas obscenity statute is patterned, as to render the statute unconstitutional. Second, appellant contends that no timely and proper determination of obscenity was made in the instant case, rendering these prosecutions invalid.

■ Addressing appellant's second contention first, we find nothing in the record which supports appellant's assertion that no prior judicial determination of probable cause was made with respect to whether the allegedly obscene material sold by appellant was in fact obscene. Mere assertions of fact contained in a brief not supported by the record cannot be accepted as fact on appeal. *Davila v. State,* 651 S.W. 2d 797, 799 (Tex.Crim.App.1983). Moreover, we find that appellant did not raise this argument in his motions to quash the informations. And, despite the fact that these were bargained nolo contendere pleas where the agreed punishment recommendations were not exceeded, appellant did not obtain the permission of the trial court to argue this issue on appeal. Under the circumstances, this court is jurisdictionally unable to consider the argument made by appellant. TEX.CRIM.PROC.CODE ANN. art. 44.02; *Morris v. State,* 749 S.W.2d 772, 776 (Tex.Crim.App.1986); *Galitz v. State,* 617 S.W.2d 949, 951–952 (Tex.Crim.App.1981).

In the remaining portion of his second point of error, appellant argues that the definition of obscenity contained in TEX. PENAL CODE ANN. § 43.21(a)(1) is based on *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), but that the more recent decision of *Pope v. Illinois,* 481 U.S. 497, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987), undermines the portion of the Texas statute dealing with value and renders the statute unconstitutional.

*Miller* limited coverage of obscenity laws to regulation of works which depict or describe sexual conduct, that, taken as a whole, appeal to the prurient interest in sex; which portray sexual conduct in a patently offensive way; and which, taken as a whole, lack serious literary, artistic, political, or scientific value. 413 U.S. at 24, 93 S.Ct. at 2615. In establishing guidelines, *Miller* went on to say that the trier of fact in an obscenity case must determine whether the average person, applying contemporary community standards, would find that a work, taken as a whole, appeals to the prurient interest. *Id.*

**448**

The Texas obscenity statute is, quite clearly, patterned after *Miller*, employing a definition of obscenity which tracks *Miller* almost verbatim. If it were true that *Pope v. Illinois* undermines *Miller*, as appellant contends, his argument might have some validity. A reading of *Pope*, however, makes it clear that it is a clarification of the *Miller* standard, rather than being a substitute for it.

*Pope* concerns itself with that portion of *Miller* which deals with value. *Miller* held that, for a work to be obscene, it must, taken as a whole, lack serious literary, artistic, political, or scientific value. 413 U.S. at 24, 93 S.Ct. at 2614. As *Miller* makes clear, works which have such value are protected by the First Amendment. 413 U.S. at 34, 93 S.Ct. at 2620.

In *Pope*, the juries were instructed that the value of the questioned works was to be determined on the basis of how they would be viewed by ordinary adults in the whole State of Illinois. 107 S.Ct. at 1920. The U.S. Supreme Court said this was an erroneous standard, holding,

> the proper inquiry is not whether an ordinary member of any given community would find serious literary, artistic, political, or scientific value in allegedly obscene material, but whether a reasonable person would find such value in the material, taken as a whole.

107 S.Ct. at 1921.

A review of the Texas statute reveals that it is not defective under *Pope*. While it applies an "average person" standard, the standard is not in any way linked to a determination of the value of a work. The Texas law says,

> (1) "Obscene" means material or a performance that:
>
> (A) the average person, applying contemporary community standards, would find that taken as a whole appeals to the prurient interest in sex; ... and ...
>
> (C) taken as a whole, lacks serious literary, artistic, political and scientific value.

As can be seen, there is no attempt to link the average person standard to the determination of value. That standard is only applicable in determining whether a work appeals to the prurient interest. Appellant does not show that value was judged in the instant cases using an average or ordinary person standard. The statute is not unconstitutional under *Pope*. *Childress v. State*, 751 S.W.2d 941, 942 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd); *Ford v. State*, 753 S.W.2d 451 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). Appellant's second point of error is overruled.

Accordingly, the judgments of the trial court are affirmed.