Clinton Keith GRAHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–88–0332–CR.

Court of Appeals of Texas,
Amarillo.

March 13, 1989.

Rokki F. Roberts, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Harris County, Houston, for appellee.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

REYNOLDS, Chief Justice.

Appellant Clinton Keith Graham was charged by information with selling obscene material, an offense denounced by Section 43.23(c)(1), Texas Penal Code Annotated (Vernon 1989). After his motion to quash the "complaint" was denied, appellant entered his non-negotiated plea of nolo contendere. The court accepted the plea, found appellant guilty, and assessed his punishment at a fine of $1,000 and confinement in the county jail for twenty days, to be served on consecutive week-ends.

Appealing without a statement of facts and with two "grounds," now points, of error, appellant contends that the court erred in denying his motion to quash because (1) the statute made the basis of prosecution is unconstitutionally indefinite, uncertain, and vague, and (2) there was not a timely and proper determination of obscenity. For the reasons to be stated, the points will be overruled and the judgment will be affirmed.

In replying to appellant's two points of error, the State has prefaced its reply with a motion to strike appellant's brief and to order the rebriefing of the appeal. The motion is premised upon appellant's counsel's violation of the State Bar of Texas, Ethical Considerations on Code of Professional Responsibility EC 7–23 (1984), and the Supreme Court of Texas, Rules Governing the State Bar of Texas art. X, § 9 (Code of Professional Responsibility) DR 7–102(A)(2) (1984). As pertinent to the State's motion, EC 7–23 provides that

[w]here a lawyer knows of legal authority in the controlling jurisdiction directly adverse to the position of his client, he should inform the tribunal of its existence unless his adversary has done so; but, having made such disclosure, he may challenge its soundness in whole or in part.

DR 7–102(A)(2) provides that in his representation of a client, a lawyer shall not:

\* \* \* \* \* \*

Knowingly advance a claim or defense that is unwarranted under existing law, except that he may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law.

In this connection, the State represents that appellant's counsel has filed similar briefs presenting the same points on behalf of other clients convicted of promotion of obscenity, and in each and every case, the points were overruled and the convictions affirmed. None of these cases—*i.e.,* *Handl v. State,* 763 S.W.2d 446 (Tex.App. —Houston [14th Dist.] 1988, pet'n ref'd); *Drummond v. State,* 752 S.W.2d 181 (Tex. App.—Houston [1st Dist.] 1988, pet'n ref'd); and *Childress v. State,* 751 S.W.2d 941 (Tex.App.—Houston [1st Dist.] 1988, pet'n ref'd)—is cited in appellant's brief, and no attack is made in the brief upon the rationale of those cases.

Notice of the motion to strike and rebrief was transmitted to appellant's counsel. Tex.R.App.P. 19(c). No response has been made within the time permitted. Tex.R. App.P. 19(e).

The State's motion is well-taken and, in the absence of a response, ordinarily would be granted. Nevertheless, in the interest of judicial economy leading to an immediate disposition of the appeal upon waiver of oral arguments, the motion is overruled. This is not to say, however, that a motion made under similar circumstances will receive the same treatment.

■ The overruling obtains particularly because the points and supporting arguments appellant presents are, with one exception, identical to those presented, and rejected without disapproval, in *Drummond v. State, supra,* and *Childress v. State, supra.* The holdings of *Drummond* and *Childress* are applicable to the points presented in this appeal, and they, together with the following comments concerning the exception in this presentation, are a sufficient explanation for overruling appellant's two points without requiring his rebriefing.

In both *Drummond,* 752 S.W.2d at 182, and *Childress,* 751 S.W.2d at 942, mention is made that neither defendant raised the issue of the lack of a timely and proper determination of obscenity in the motion to quash. A somewhat different situation is evidenced in this appeal.

■ In his motion to quash which was submitted to and denied by the trial court, appellant alleged that "[t]he Complaint at issue herein is altogether inadequate, insufficient and improper because an independent, pre-arrest judicial determination of obscenity *was made.*" (Emphasis added.) Then, not only does the motion to quash fail to comport with the second-point contention raised on appeal, but it effectively negates appellant's contention and a review of it. *Rovinsky v. State,* 605 S.W.2d 578, 581 (Tex.Cr.App.1980). Moreover, insofar as this record shows, not only did appellant not request a prior determination of obscenity, but the material purchased did not constitute a "seizure" implicating constitutional concerns that would require a pre-seizure hearing to determine whether the material is obscene. *Fort Wayne Books, Inc. v. Indiana,* —— U.S. ——, ——, 109 S.Ct. 916, 925, 103 L.Ed.2d 34 (1989); *Maryland v. Macon,* 472 U.S. 463, 467–71, 105 S.Ct. 2778, 2780–83, 86 L.Ed.2d 370 (1985). And finally, even if the second-point contention had once been correctly predicated, appellant, by his later plea of nolo contendere, admitted every element of the offense, *Ex parte Martin,* 747 S.W.2d 789, 792 (Tex.Cr.App.1988), including the element that the material was obscene when he sold it. The two points of error are overruled.

The JUDGMENT IS AFFIRMED.