Henry Dejesus IBARRA, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–88–1031–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 31, 1989.

Rokki F. Roberts, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

OPINION

ROBERTSON, Justice.

Appellant entered a plea of nolo contendere before the court to the offense of

obscenity. TEX.PENAL CODE ANN. § 43.23(c)(1). He was convicted and sentenced by the court to confinement for three days and a fine of $250.00. We affirm.

Appellant raises two points of error, contending the trial court erred by denying his pretrial motion to quash the information. In his first point of error, appellant asserts that the statute made the basis of this prosecution is unconstitutionally "indefinite, uncertain and vague." In his second point of error, appellant contends his pretrial motion to quash should have been granted because "there was not a timely and proper determination of obscenity."

Before reaching appellant's points of error, we will first consider a motion which has been filed by the State to strike appellant's brief. As the State points out, appellant has filed identical briefs in numerous appeals before this court. One of those appeals resulted in a published opinion, which is dispositive of appellant's points of error. *See Handl v. State*, 763 S.W.2d 446 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). Yet, appellant does not attempt to distinguish that case from the present appeal.

The State contends that appellant violates EC7–23 and DR7–102(A)(2) of the Code of Professional Responsibility by neglecting to mention controlling precedent of which he should obviously be aware. We agree. EC7–23 provides:

> Where a lawyer knows of legal authority in the controlling jurisdiction directly adverse to the position of his client, he should inform the tribunal of its existence unless his adversary has done so....

DR7–102 says:

(A) In his representation of a client a lawyer shall not: ...

(2) Knowingly advance a claim or defense that is unwarranted under existing law, except that he may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law.

*Handl, supra*, represents existing law. Appellant does not attempt to modify or overrule it. In fact, he does not even refer to it in his brief.

The briefs in the more than forty obscenity appeals which counsel for appellant has presented to this court are identical except as to distinguishing information relevant to the particular appeal. Even in the wake of *Handl*, counsel has not altered his "fill-in-the-blanks" brief.

We are aware of no appeal in which the issues presented by appellant have not been decided adversely to him. *See Drummond v. State*, 752 S.W.2d 181 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd); *Childress v. State*, 751 S.W.2d 941 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). We can conceive of no purpose for this exercise other than as a means of delaying the imposition of sentence, since appellant makes no attempt to distinguish his appeal from cases decided previously.

Under the circumstances, it is within the power of this court to strike appellant's brief and to require the case to be re-briefed. TEX.R.APP.P. 74(p). To do so, however, would only result in the further delay of this appeal. For the sake of judicial economy, the State's motion to strike appellant's brief is overruled. Counsel for appellant is placed on notice that any future violations of this type will be reported to the State Bar of Texas for appropriate disciplinary action, and that he may be subject to the exercise of this court's contempt power as well.

Turning to appellant's points of error, we find that they are identical with those in *Handl v. State*, 763 S.W.2d 446 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). For the reasons set forth at length in that opinion, we overrule appellant's first and second points of error.

We affirm the judgment of the trial court.