**Diego Ibarra MAZUERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–89–00244–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 28, 1989.

---

Rokki Ford Roberts, Houston, for appellant.

John B. Holmes, Jr, Dist. Atty., J. Harvey Hudson, Jim Mount, Asst. Dist. Attys., Houston for appellee.

Before SAM BASS, DUGGAN and HUGHES, JJ.

## ORDER

PER CURIAM.

Appellant entered a plea of nolo contendere to the offense of selling obscene material and was sentenced to three days confinement in the Harris County Jail and a fine of $750. Appellee moves this Court to strike appellant's brief for the reason that it violates EC 7–23 and DR 7–102(A)(2), State Bar of Texas Rules and Code of Professional Responsibility.

The Texas Code of Professional Responsibility imposes a duty upon every attorney to enhance the efficacy of our adversary system of justice. EC 7–23 provides:

... Where a lawyer knows of legal authority in the controlling jurisdiction directly adverse to the position of his client, he should inform the tribunal of its existence unless his adversary has done so.

The Code of Professional Responsibility also prohibits an attorney from knowingly advancing a claim or defense that is unwarranted under existing law, except that he may advance such a claim or defense if it can be supported by good faith argument for an extension, modification or reversal of existing law. State Bar of Texas, Rules and Code of Professional Responsibility, DR–102(A)(2).

We have reviewed appellant's brief and find that appellant's counsel, Rokki Ford Roberts, propounds the identical points of error he previously raised in *Drummond v. State,* 752 S.W.2d 181 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd), and *Childress v. State,* 751 S.W.2d 941 (Tex.App.—Houston 1988, pet. ref'd). Drummond and Childress were both convicted of promotion of obscenity. They were both represented by Roberts. Both cases were decided adversely to appellant. Neither case is cited in appellant's brief.

Roberts continues to file the same repeated form brief on behalf of the numerous appellants he represents who appeal a promotion of obscenity conviction. Counsel has made no modification in the brief filed on behalf of this appellant that reflects the above referenced cases, nor has he made an effort to distinguish the instant case from the aforementioned controlling authority.

Accordingly, Appellee's motion to strike the brief is GRANTED. Appellant's brief is ordered stricken and appellant is ordered to re-brief the appeal showing proper authority and to comply with the rules of professional ethics. Tex.R.App.P. 74(*o*). Said brief is due 30 days from the date of this order.

It is so ORDERED.