**Anthony EVANS, Herschel Earl Smith, Lucille C. White & Clara L. Woodley, Appellants,**

v.

**The STATE of Texas, Appellee.**

Nos. 60544 to 60547.

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 30, 1981.

Rehearing Denied Dec. 9, 1981.

Edgar A. Mason, Dallas, for appellants.

Henry Wade, Dist. Atty., T. Michael Sutton, John L. Hubble and Michael P. Patterson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, DALLY and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

Each appellant was charged by complaint and information as follows, omitting the formal introductory and concluding portions of the charging instruments:

[name of appellant]

... on or about the 15th day of December A.D., 1976 in the county of Dallas and State of Texas, did unlawfully then and there with intent to further gambling, knowingly possess certain gambling paraphernalia, to wit: bingo cards ...

See V.T.C.A. Penal Code, Sec. 47.07.

A jury found each guilty on January 18, 1978 and also assessed punishment, except for Smith, at a $50.00 fine, but recommended that same be probated. The trial court assessed Smith's punishment at six months' confinement together with a fine of $50.00, but probated that punishment. We consolidate the appeals and reverse.

Each appellant challenges his or her respective accusatory pleading.

■ An indictment or information that is in the language of the pertinent statute is ordinarily sufficient to state an offense. See *Haecker v. State*, 571 S.W.2d 920 (Tex. Cr.App.1978). However, an exception to this rule exists if the language of the statute is not itself completely descriptive of the offense. *Haecker*, id.

In order to comply with Art. I, Sec. 10, Constitution of Texas, which provides: "In all criminal prosecutions the accused shall have ... the right to demand the nature and cause of the accusation against him, and to have a copy thereof...." The indictment or information must specify the

facts which must be proved. *Hewitt v. Texas,* 25 Tex. 722 (1860). It is the intent of the Constitution that the accused in the particular case be given information upon which he may prepare his defense. *Huntsman v. State,* 12 Tex.App. 619 (1882). This information, of course, must come from the face of the charging instrument. Looking elsewhere is not demanded by law.

Thus, it would not be open to question that if all the charging instruments alleged was that each appellant "with intent to further gambling, knowingly possessed certain gambling paraphernalia," they would be, without more, void. Compare *Baker v. State,* 123 Tex.Cr.R. 209, 58 S.W.2d 534 (1933), where it was merely alleged that the defendant unlawfully possessed a narcotic drug, held, without naming the drug, the indictment was void as it failed to comply with Art. I, Sec. 10 of the Constitution.

It is the State's position that if a person were shown to possess bingo cards with intent to further gambling, then the bingo cards become "gambling paraphernalia." The State argues that it must allege only (1) a person on a certain day in Dallas County (2) with intent to further gambling (3) knowingly (4) possess (5) gambling paraphernalia and (6) name of the item and, as this tracks the statute, an offense has been stated. The State also argues that it matters not what inanimate item is alleged to be gambling paraphernalia. In sum, the State's argument is that in this cause it was not necessary to further allege that the bingo cards were a means of carrying on a lottery in order to state an offense under Sec. 47.07 of the Penal Code.

Appellants did not urge a motion to quash in the trial court on the ground that the information failed to state an offense, nor did they claim in the trial court that they were deprived of sufficient notice of what offense they were accused of committing. We note that the form the district attorney used is patterned after the forms found in Morrison and Blackwell's Texas Practice Criminal Forms (1977 Ed.), Sec. 21.15, at p. 124, and Branch's Third Edition Texas Annotated Penal Statutes (1974 Ed.), Vol. 3, at p. 382.

■ We are limited in our review of appellants' contention to the question whether these informations are fundamentally defective and insufficient to state an offense under Sec. 47.07. See *American Plant Food Corp. v. State,* 508 S.W.2d 598 (Tex.Cr.App. 1974). Though not a model pleading, we find that the charging instruments are sufficient to state an offense under Sec. 47.07. We, therefore, overrule the appellants' contention that the charging instruments are void for failure to state an offense. See, however, *Posey v. State,* 545 S.W.2d 162 (Tex.Cr.App.1977); *Moore v. State,* 532 S.W.2d 333 (Tex.Cr.App.1976); *Baker v. State,* 123 Tex.Cr.R. 209, 58 S.W.2d 534 (1933); *Bush v. State,* 97 Tex.Cr.R. 219, 260 S.W.2d 574 (1924).

The Legislature, by enacting Sec. 47.07, has made it a criminal offense for any person knowingly to have any inanimate object in his possession, if it is possessed with intent to further gambling, and the item may be a means of carrying on a lottery. It is the possession of the item with intent to further gambling, without more, which constitutes the offense, and not mere possession accompanied by an unlawful purpose. See also 17 A.L.R.3rd commencing at page 491. Thus, the State is correct that the informations in each of these causes state an offense, albeit just barely.

Appellants next complain of that part of the trial court's final charge, which is as follows:

\* \* \* \* \* \*

Proof that a defendant possessed a gambling device, equipment, or paraphernalia is prima facie evidence that the Defendant did so knowingly and with the intent to further gambling.

When a statute declares that given facts constitute a prima facie case, proof of such facts warrants submission of a case to a jury with the usual instructions on burden of proof.

Now, therefore, if you find beyond a reasonable doubt that the defendant pos-

sessed a gambling device, equipment or paraphernalia, you will find, without further evidence, that the defendant did so knowingly and with intent to further gambling, but if there is evidence to the contrary, or in any event, you can not find the defendant guilty unless you find beyond a reasonable doubt that the defendant committed the offense as alleged by the Information, and if you have a reasonable doubt thereof you will acquit the defendant and say by your verdict "not guilty".

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, [name of appellant], on or about the 15th day of December, A.D., 1976, in the county of Dallas, and State of Texas, as alleged in the Information, did then and there with intent to further gambling, acting either alone or with one more other persons, knowingly possess certain gambling paraphernalia, to wit: bingo cards, you will find the defendant guilty of the offense of possession of gambling paraphernalia and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

\* \* \* \* \* \*

Each appellant objected to the charge as follows:

\* \* \* \* \* \*

Defendant excepts to the charge of the Court at page two (2), paragraph four (4), wherein the Court instructs the jury that if they find that the defendant possessed gambling paraphernalia then they will, without further evidence, find that the defendant did so knowingly and with intent to further gambling, constitutes an instruction to find the defendant guilty herein and constitutes a comment on the weight of the evidence herein. It further destroys the presumption of innocence, improperly places the burden of proof on the defendant, and amounts to an improper application of the law to the facts of this case. Defendant asserts that the use of the word *will* instead of the word *may* directs the jury to find the defendant guilty herein.

\* \* \* \* \* \*

V.T.C.A. Penal Code, Sec. 47.08, provides in part as follows:

(a) Proof that an actor communicated gambling information or possessed a gambling device, equipment, or paraphernalia is prima facie evidence that the actor did so knowingly and with the intent to further gambling.

V.T.C.A. Penal Code, Sec. 2.05, provides as follows:

When this code or another penal law establishes a presumption with respect to any fact, it has the following consequences:

(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and

(2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

928

V.T.C.A. Penal Code, Sec. 2.06, formerly provided as follows:

When a statute declares that given facts constitute a prima facie case, proof of such facts warrants submission of a case to the jury with the usual instructions on burden of proof.

However, the Legislature repealed V.T. C.A. Penal Code, Sec. 2.06, effective September 1, 1975. The date of these offenses is December 15, 1976.

We are not dealing with a presumption, see Sec. 2.05, supra, but are dealing with a court created statement of "prima facie case." The "Practice Commentary" under Sec. 2.06, supra, points out: "Since the prima facie case concept is a control device for the court, however, the term shouldn't be mentioned in the charge." If anything, this additional instruction aggravated the error committed by the trial court in its charge to the jury. In passing, we observe that in prosecutions under former Penal Code Art. 667–25(b), which statute contained a provision that possession of a certain quantity of beer in a dry area shall be prima facie evidence of possession for the purpose of sale in a dry area, that it was customary to instruct the jury as follows: "The words 'prima facie evidence' as used in this charge means such possession, if you find he had such possession, merely raises a legal presumption of guilt, which presumption may be overcome by evidence showing that such possession was not for the purpose of sale."

As pointed out in the "Practice Commentary" under Sec. 47.08, it states that "the draftsman forgot that this code uses the term 'presumption' instead of 'prima facie' evidence. *Hopefully* the courts will equate the two terms since the prima facie concept of prior law served basically the same function as the presumption of this code and the concept of presumption is carefully formulated to meet constitutional requirements in Section 2.05 *Some applications of the Subsection (a) presumption may nevertheless be unconstitutional.*" (emphasis added)

Our penal code does not furnish us with a definition of "prima facie." Here, the jury was told that: "Proof that a defendant possessed a gambling device, equipment, or paraphernalia is prima facie evidence that the Defendant did so knowingly and with the intent to further gambling." The jury was not given a definition of "prima facie evidence" or "prima facie case."

The phrase "prima facie evidence" is ordinarily found in civil cases. The word "presumption" is oftentimes found in criminal cases. In *Duncan v. Butterowe, Inc.*, 474 S.W.2d 619 (Tex.Civ.App.—[14th Dist.] 1971, no writ), it was stated: "Prima facie evidence is evidence that, until its effect is overcome by other evidence, will suffice as proof of a fact in issue. In other words, a prima facie case is one that will entitle a party to recover if no evidence to the contrary is offered by the opposite party."

The differences between "presumption" and "prima facie case" are apparent. "When a court instructs a jury on a presumption created by statute, it is not a comment on the weight of the evidence. It is instead a statement of the law applicable to the case." *Easdon v. State*, 552 S.W.2d 153 (Tex.Cr.App.1977). Section 2.05, *supra*, specifically authorizes the court to instruct the jury on a presumption established by the penal code or another penal law. *Easdon, Id.*

But, as noted in *Easdon*, supra, a statutory presumption only permits an inference to be drawn from proof of certain facts. The State is not, however, relieved of the burden of proving to the satisfaction of the fact finders each element of the offense beyond a reasonable doubt.

In order to take advantage of the presumption the state must prove each fact giving rise to the presumption beyond a reasonable doubt. Even if the jury finds that the facts giving rise to the presumption are proven beyond a reasonable doubt, the jury is not required to presume the fact or the element of the offense. *Easdon, Id.*, at page 155.

In *Eckman v. State*, 600 S.W.2d 937, 938, (Tex.Cr.App.1980), the trial court charged the jury as follows:

\* \* \* \* \* \*

"You are further instructed that if it is shown by chemical analysis of a person's blood, urine or other bodily substance, that there was at the time of the act alleged 0.10 per cent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor: however, such amount of alcohol in the blood of the person, if you find there was such amount of alcohol in the blood of the person, merely raises a legal presumption that such person was under the influence of intoxicating liquor, which presumption may be overcome by evidence showing that such person was not under the influence of intoxicating liquor."

\*     \*     \*     \*     \*     \*

and this Court said at page 939:

\*     \*     \*     \*     \*     \*

. . . We also observe that the charge actually given instructed the jury that the presumption 'may be overcome by evidence,' while it neglected to inform the jury, as required by Sec. 2.05, that if it had 'a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.' In this respect the charge was at best confusing, and could have shifted the burden of proof in the minds of the jurors.

\*     \*     \*     \*     \*     \*

See also *Ginther v. State*, 605 S.W.2d 610 (Tex.Cr.App.1980); *Turpin v. State*, 606 S.W.2d 907 (Tex.Cr.App.1980).

The legal effect of the charge given in this cause was to allow the jury to find the appellants guilty of a crime solely on the basis that if the jury found that the defendants possessed bingo cards, then the State established a prima facie case. The practical effect of such instruction was to nullify the constitutional privilege that a defendant need not testify in a criminal trial, as these appellants chose to do. Further, this charge effectively amounted to decisive, unanswerable comment on the appellants' right of self-incrimination as guar-

anteed by both of our Constitutions. As Judge Wisdom of the Fifth Circuit said in *Barrett v. United States*, 322 F.2d 292 (1963), "A person accused of a crime has more than the right to present evidence in his defense. He has the constitutional right to sit on his hands [sic]."

The jury was instructed that if the State proved that the defendants possessed a gambling device, equipment, or paraphernalia it was prima facie evidence that the defendants did so knowingly and with the intent to further gambling. The burden of proof, however, was on the State to establish beyond a reasonable doubt that the defendants, with intent to further gambling, knowingly possessed certain gambling paraphernalia, namely, bingo cards. Not only is the court's charge confusing as worded, but we find that it lowered the State's burden of proof to prove each material element of the offense charged beyond a reasonable doubt. The charge could have reasonably shifted the burden of proof in the minds of the jurors.

Recently, this Court has been confronted with causes where the charge failed to apply the law to the facts, even though the charge was correct in its abstract statements of law. See, for example, *Toler v. State*, 546 S.W.2d 290 (Tex.Cr.App.1977); *Dowden v. State*, 537 S.W.2d 5 (Tex.Cr.App. 1976). Here, the charge is defective because the abstract charge that tracked former Art. 2.06 should never have been given at all and a charge that tracks Sec. 47.08(a) verbatim is incomplete without more being stated. The end result is that the charge given is at best very confusing and fails to comply with Art. 36.14, C.C.P., as the jury was not given "a written charge distinctly setting forth the law applicable to the case." Here, the jury was effectively given a charge that was calculated to injure the appellants' rights and prevented them from receiving a fair and impartial trial.

We, therefore, sustain appellants' contention that the trial court erred in charging the jury as it did. For this reason, the convictions are ordered reversed and the causes are remanded to the trial court.

DALLY, J., concurs.