**Gary Lee HENDLEY, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 12–81–0110–CR.**

Court of Appeals of Texas, Tyler.

Feb. 24, 1983.

Murry B. Cohen, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before SUMMERS, C.J., and McKAY and COLLEY, JJ.

McKAY, Justice.

This is an appeal from a conviction for reckless conduct, a misdemeanor, under Section 22.05, Texas Penal Code. The jury assessed punishment at six months confinement in the county jail and a fine of $350.00. The court probated the jail term upon recommendation of the jury.

Appellant brings three grounds of error, all of which deal with the court's charge regarding the presumption of recklessness and danger.

The applicable part of the court's charge is as follows:

"Our statute provides that a person commits an offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury. *Recklessness and danger are presumed if the defendant knowingly pointed a firearm at or in the direction of another whether or not the defendant believed the firearm to be loaded.*" (Emphasis added.)

We find the court neglected to instruct the jury as required by Section 2.05 of the Texas Penal Code. V.T.C.A. Penal Code, Section 2.05, provides as follows:

When this code or another penal law establishes a presumption with respect to any fact, it has the following consequences:

(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and

(2) if the existence of the presumed fact is submitted to the jury, the court *shall* charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose. (Emphasis added.)

Appellant objected to the court's charge and requested a charge substantially the same as that required by Section 2.05. We hold the denial of appellant's requested charge violated the mandate of Section 2.05, and constituted reversible error. Appellant's third ground of error is sustained. *Eckman v. State,* 600 S.W.2d 937, 938–9 (Tex.Cr.App.1980); see also: *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Evans v. State,* 623 S.W.2d 924 (Tex.Crim.App.1981).

The judgment of conviction is reversed and the cause remanded to the trial court.