Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

**OPINION**

No. 04-08-00546-CR

Michael **URDIALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No.1, Bexar County, Texas
Trial Court No. 232465
Honorable Brenda Chapman, Judge Presiding[1]

Opinion by:     Phylis J. Speedlin, Justice
Concurring opinion by:  Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Marialyn Barnard, Justice

Delivered and Filed:   July 1, 2009

AFFIRMED

On appeal, Michael Urdiales asserts that the criminal statute that proscribes "racing on a

highway" is unconstitutionally vague because it can be applied to the innocent conduct of mere

passing on a highway.  *See* TEX. TRANSP. CODE ANN. § 545.420(a)(1) (Vernon Supp. 2008).

Specifically, Urdiales challenges the portion of the statute defining the type of "racing" with which

---

[1] Sitting by assignment.

he was charged: using one or more vehicles in an attempt to "outgain or outdistance another vehicle." *See* TEX. TRANSP. CODE ANN. § 545.420(b)(2)(A) (Vernon Supp. 2008). Because Urdiales has failed to show how the statute is unconstitutionally vague as applied to his particular conduct, we overrule his issues on appeal and affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Urdiales was charged by information with the Class B misdemeanor offense of racing on a highway. The amended information substantially tracked the statutory language for the offense, alleging that Urdiales did "intentionally and knowingly participate as the driver and operator of a motor vehicle in a race, namely: the use of one or more vehicles in an attempt to outgain and outdistance another vehicle . . . ."[2] *See* TEX. TRANSP. CODE ANN. § 545.420(a)(1), (b)(2)(A) (Vernon Supp. 2008). Urdiales moved to set aside the information on the ground that "both the information and the statute on which it is based are unconstitutionally vague under both the Texas and United States Constitutions." After a hearing, the trial court denied the motion. Urdiales then pled no contest, and was placed on deferred adjudication community supervision for a term of six months. The trial court certified his right to appeal the denial of his pretrial motion to set aside the information.

## ANALYSIS

In his first two issues on appeal, Urdiales contends the statute creating the offense of racing on a highway by the manner and means of "outgaining or outdistancing" another vehicle is unconstitutionally vague as applied to him and on its face, in violation of the Due Process Clauses of the United States Constitution and the Texas Constitution. *See* U.S. CONST. amends. V, VI, XIV;

---

[2] The State amended the information to add the culpable mental states of "intentionally and knowingly" to modify the word "participate." We note the statute itself does not refer to such a culpable mental state.

TEX. CONST. art. I, §§ 10, 19.  Specifically, he asserts the statute is impermissibly vague because it fails to give an ordinary citizen sufficient notice of what conduct is criminalized, and fails to give sufficient guidance to law enforcement to prevent arbitrary or discriminatory enforcement.  In his third issue, Urdiales asserts the trial court erred in refusing to set aside the information because it tracked the language of the unconstitutional statute, and thus failed to meet the sufficiency requirements of article 21.11 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 21.11 (Vernon 2009).  The State responds that the statute is not unconstitutionally vague because read as a whole it provides ordinary persons a reasonable opportunity to know what conduct is prohibited, and establishes determinate guidelines for law enforcement.[3]  The State also claims the information was sufficient because it tracked the statutory language.

### *Standard of Review:  Constitutionality of the Statute – Vagueness*

In determining the constitutionality of a statute, we begin with the presumption that it is valid and that the legislature did not act arbitrarily or unreasonably in enacting the statute.  *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002); *Roberts v. State*, 278 S.W.3d 778, 790 (Tex. App.—San Antonio 2008, pet. filed); *Duncantell v. State*, 230 S.W.3d 835, 842-43 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). We apply elementary principles of statutory construction and interpret the statute in accordance with the plain meaning of its language, unless the language is ambiguous or its plain meaning leads to absurd results.  *Sanchez v. State*, 995 S.W.2d 677, 683 (Tex. Crim. App. 1999); *Boykin v. State*, 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991).

---

[3]  The State asserts Urdiales waived his state due process claim by failing to present separate authorities and argument.  Although Urdiales alleges that both his state and federal due process rights were violated, his brief presents no argument or authority that the Texas constitution provides different protection than the federal constitution; therefore, we will make no distinction between his federal and state claims.  *Arnold v. State*, 873 S.W.2d 27, 33 (Tex. Crim. App. 1993); *Sturchio v. State*, 136 S.W.3d 21, 23 (Tex. App.—San Antonio 2002, no pet.).

In determining a statute's plain meaning, we read the words and phrases in context, and construe them according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005); *Sanchez*, 995 S.W.2d at 683. Words and phrases that have acquired a particular meaning through legislative definition, however, must be construed accordingly. TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 2005). We may also consider other offense provisions in the same statutory section. *Long v. State*, 931 S.W.2d 285, 291 (Tex. Crim. App. 1996). We must uphold the statute if we can determine a reasonable construction that will render it constitutional. *Roberts*, 278 S.W.3d at 790; *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978) (if statute is capable of two constructions, one of which sustains its validity, court will apply interpretation sustaining validity). We will declare a criminal statute unconstitutionally vague if its prohibitions are not clearly defined. *Duncantell*, 230 S.W.3d at 844.

The court makes a two-pronged inquiry when evaluating a criminal statute for vagueness under the Due Process Clause. *Sanchez*, 995 S.W.2d at 689. First, we determine whether the statute gives ordinary law-abiding citizens sufficient information to know what conduct is prohibited. *Id.*; *Roberts,* 278 S.W.3d at 791. A criminal statute is only required to give fair warning in light of common understanding and practice; it is not required to be mathematically precise. *Duncantell*, 230 S.W.3d at 844-45. A statute is unconstitutionally vague only when "no core of prohibited activity is defined." *Id.* at 845. The second inquiry asks whether the statute provides law enforcement with sufficient notice of the prohibited conduct to prevent arbitrary or discriminatory enforcement. *Sanchez*, 995 S.W.2d at 689; *Roberts*, 278 S.W.3d at 791. A statute must adequately detail the prohibited conduct so that enforcement is not relegated to the subjective interpretation of police

officers on the scene. *Duncantell*, 230 S.W.3d at 845-46. Either inquiry may form an independent basis for a vagueness finding. *Id.*

Facial challenges to statutes are disfavored because they are often premised on speculation and impinge on the democratic process. *Washington State Grange v. Washington State Republican Party*, 128 S.Ct. 1184, 1191 (2008). A successful facial challenge to the constitutionality of a statute under the Due Process Clause, that does not implicate the First Amendment,[4] requires a showing that the statute is vague in *all* of its applications, in other words, that it has no legitimate applications. *Sanchez*, 995 S.W.2d at 683; *Long*, 931 S.W.2d at 295 (citing *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494-95 (1982)). In order for a statute to be held vague in all its applications, and thus facially unconstitutional, it must necessarily be vague as applied to the particular defendant; therefore, if the statute is not vague as applied to the defendant's conduct, the due process challenge necessarily fails. *Sanchez*, 995 S.W.2d at 683. A defendant must first show the statute is unconstitutionally vague as applied to him because a person "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Village of Hoffman Estates*, 455 U.S. at 495; *see Bynum v. State*, 767 S.W.2d 769, 773-74 (Tex. Crim. App. 1989) (explaining that when First Amendment rights are not implicated, a court must first consider whether the statute is impermissibly vague as applied to the challenging party's specific conduct). Therefore, we must first determine whether Urdiales has shown that the statute is impermissibly vague as applied to his particular conduct, and only if he has made such a showing, will we then consider whether the statute is vague in all of its possible applications.

---

[4] Both sides agree the statute at issue does not implicate any conduct protected by the First Amendment.

***Is the Statute Impermissibly Vague "As Applied" to Urdiales' Conduct ?***

Urdiales made no specific argument in his brief, or at oral argument, explaining how the statute is unconstitutionally vague *as applied to his particular conduct*; indeed, he has never revealed to this court *what* his particular conduct was in this case.[5]  *See* TEX. R. APP. P. 38.1(i); *see also DeWillis v. State*, 951 S.W.2d 212, 217 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (overruling vagueness challenge to statute that did not involve First Amendment rights because "appellant has failed to explain how the harassment statute is unconstitutional as applied to him"); *Townsend v. State*, No. 14-96-01571-CR, 1999 WL 1267255, at *2 (Tex. App.—Houston [14th Dist.] Dec. 30, 1999, pet. ref'd) (not designated for publication) (holding that appellant failed to establish that statute was unconstitutionally vague because he did "not explain how this statute is unconstitutional as applied to him"); *State v. Johns*, No. 05-97-00862-CR, 1998 WL 549267, at *3 (Tex. App.— Dallas Aug. 31, 1998, no pet.) (not designated for publication) (in analyzing vagueness challenge to harassment statute that did not raise any First Amendment implications, court held the appellee failed to demonstrate how the statute is unconstitutional as applied to him); *Trehern v. State*, No. 03-97-00600-CR, 1998 WL 766736, at *5 (Tex. App.—Austin Nov. 5, 1998, no pet.) (not designated for publication) ("Because no First Amendment rights are involved, we need only determine whether [the statute] is impermissibly vague as applied to appellant's conduct. [internal citation omitted] Appellant has failed to explain how the harassment statute is unconstitutional as applied to him."). Urdiales' entire argument, in his brief and at oral argument, is that the statute is impermissibly vague as to everyone—yet he has failed to explain how the law is too vague as applied to his particular

---

[5] *See, e.g., Perez v. State*, No. 04-08-00263-CR, 2009 WL 1017706 (Tex. App.—San Antonio Apr. 15, 2009, no pet.) (not designated for publication) (overruling challenge to sufficiency of the evidence and affirming highway racing conviction by "outgaining or outdistancing" another vehicle where defendant's vehicle was observed maintaining a very close proximity with the other vehicle while both traveled at a high rate of speed).

conduct. Given the absence of an "as applied" argument, we conclude that Urdiales has failed to show that the highway racing statute is unconstitutionally vague as applied to him; therefore, we do not reach the issue of whether the statute is unconstitutionally vague on its face.[6] *Village of Hoffman Estates*, 455 U.S. at 495; *Sanchez*, 995 S.W.2d at 683; *Bynum*, 767 S.W.2d at 773-74. Accordingly, we overrule Urdiales' first two issues.

### *Sufficiency of the Indictment*

In his third issue, Urdiales asserts the information, which tracked the language of the racing on a highway statute, failed to meet the sufficiency requirements of article 21.11 of the Texas Code of Criminal Procedure, and the trial court should have granted his motion to set it aside. TEX. CODE CRIM. PROC. ANN. art. 21.11 (providing that an indictment is sufficient if it charges an offense in "ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged"); TEX. CODE CRIM. PROC. ANN. art. 21.23 (Vernon 2009) (stating the rules with respect to allegations in an indictment also apply to an information). Because it is a question of law, we review the sufficiency of an indictment or information *de novo*.

---

[6] The clerk's record contains the information, Urdiales' nolo plea and waiver of his rights, and the trial court's admonishments, but because this is a misdemeanor offense the record contains no stipulation of the evidence against him. The record before us is completely devoid of any evidence showing the particular facts and circumstances of Urdiales' conduct that gave rise to the highway racing charge. We have no evidence regarding the particular conduct in which Urdiales engaged. It would appear that we would have no basis on which to conduct an "as applied" analysis of the statute in the absence of such evidence, but the law is somewhat unclear. *Compare Gillenwaters v. State*, 205 S.W.3d 534, 536 nn. 3-4, 537-38 (Tex. Crim. App. 2006) (noting that because an "as applied" analysis is based on the claimant's particular circumstances, and thus is fact specific and "requires a recourse to evidence," it usually cannot be properly raised by a pretrial motion to quash the charging instrument; defendant did preserve the issue for appeal by raising it in a motion for new trial), *with Karenev v. State*, 281 S.W.3d 428, 441 (Tex. Crim. App. 2009) (Cochran, J., concurring) ("The mere fact that appellant relied upon the evidence at trial shows that his complaint is not a facial attack because that type of attack can and must be made without reference to evidence. It is an attack upon the face of the statute in isolation."). We express no opinion as to which authority this court would follow with regard to this issue. We note that, similar to a motion to suppress, Urdiales could have developed the factual basis of his conduct at the pretrial hearing on his motion to set aside the information.

*State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). We first determine whether the information gave adequate notice of the alleged criminal conduct. If notice was sufficient, that ends the inquiry; if not, the court must assess the impact of the deficient notice on the appellant's ability to prepare a defense, in light of the record, to determine whether reversal is required. *Adams v. State*, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986); *see also Roberts*, 278 S.W.3d at 792.

Generally, an indictment or information is sufficient if it tracks the language of the statute. *Moff*, 154 S.W.3d at 602; *Roberts*, 278 S.W.3d at 792. An exception exists if the statutory language is not itself completely descriptive of the offense; then, more particularity is required to be pled. *Evans v. State*, 623 S.W.2d 924, 925 (Tex. Crim. App. [Panel Op.] 1981). The defendant has the right to notice of the "nature and cause" of the allegations against him, and the notice must be specific enough to enable the defendant to investigate the accusations against him and establish a defense. *Moff*, 154 S.W.3d at 602; *Garcia v. State*, 981 S.W.2d 683, 685 (Tex. Crim. App. 1998). The State is not required, however, to allege evidentiary facts, or to "lay out its case," in the charging instrument. *Moff*, 154 S.W.3d at 603; *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998).

Urdiales argues the information is inadequate for the same reasons he asserts the statute is unconstitutional—because it fails to adequately notify him of the particular conduct that gave rise to the criminal charges. However, in his brief and at argument Urdiales did not explain how the alleged lack of notice prevented him from investigating the offense and preparing a defense, other than to state that the statute is itself too vague. We must conclude that Urdiales has not fully briefed this issue because he has failed to establish in his first two issues that the statute is unconstitutionally vague as applied to his particular conduct. Accordingly, because the information tracked the statutory language, we hold it was sufficient under article 21.11.

Based on the foregoing reasons, we affirm the trial court's judgment.


Phylis J. Speedlin, Justice


PUBLISH