MEMORANDUM OPINION


No. 04-08-00547-CR



Anthony Joseph HERRERA,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court at Law No.1, Bexar County, Texas


Trial Court No. 232454


Honorable Al Alonso, Judge Presiding (1)



Opinion by: Karen Angelini, Justice

Concurring opinion by: Sandee Bryan Marion, Justice


Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: July 29, 2009


AFFIRMED

 Anthony Joseph Herrera was charged by information with the misdemeanor offense of racing
on a highway. After his motion to set aside the information was denied, Herrera entered a plea of
nolo contendere pursuant to a plea-bargain agreement. The trial court deferred finding Herrera guilty,
placed him on deferred adjudication community supervision for a period of six months, and assessed
a fine, court costs, and community service. On appeal, Herrera argues that the trial court erred in
denying his motion to set aside the information because the offense of racing on a highway is
unconstitutionally vague. We affirm.

Discussion


 Herrera was charged by information with the Class B misdemeanor offense of racing on a
highway. The amended information, which substantially tracked the statutory language for the
offense, alleged that "on or about the 14th day of October 2007 Anthony Herrera did then and there
intentionally and knowingly participate as the driver and operator of a motor vehicle in a race,
namely: the use of one or more vehicles in an attempt to outgain and outdistance another vehicle."
See Tex. Transp. Code Ann. § 545.420(a)(1), (b)(2)(A) (Vernon Supp. 2008).

 In his first two issues, Herrera argues that the trial court erred in denying his motion to set
aside the information because the offense of racing on a highway is unconstitutionally vague and
violates his due process rights under the United States Constitution and the Texas Constitution. (2)
Herrera challenges the portion of the statute defining the type of "racing" with which he was
charged: using one or more vehicles in an attempt to "outgain or outdistance another vehicle." See
Tex. Transp. Code Ann. § 545.420(b)(2)(A) (Vernon Supp. 2008). He argues that this language
is impermissibly vague and fails to give an ordinary citizen sufficient notice of what conduct is
criminalized, and fails to give sufficient guidance to law enforcement to prevent arbitrary or
discriminatory enforcement. That is, he argues that this language can encompass the legal act of
passing another vehicle on a highway.

 We first note that Herrera has not made any specific argument in his brief explaining how
the racing statute is unconstitutionally vague as applied to his particular conduct. See Village of
Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 (1982) (explaining that to
challenge the vagueness of a law that does not reach constitutionally protected conduct, a person
must first show the law is unconstitutionally vague as applied to him because a person "who engages
in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied
to the conduct of others"); Bynum v. State, 767 S.W.2d 769, 773-74 (Tex. Crim. App. 1989)
(explaining that when First Amendment rights are not implicated, a court must first consider whether
the statute is impermissibly vague as applied to the challenging party's specific conduct). Indeed,
neither the record nor Herrera's brief reveals to this court what Herrera's particular conduct was in
this case. (3) Recently, in Urdiales v. State, No. 04-08-00546-CR, 2009 WL 1883932, at *3 (Tex.
App.--San Antonio July 1, 2009, no pet. h.), the appellant, like Herrera, raised the issue of whether
the racing statute was unconstitutionally vague on its face. However, we did not reach the issue
because the appellant had failed to show how the racing statute was unconstitutionally vague as
applied to his conduct. Id. Likewise, here, Herrera argues that the racing statute is impermissibly
vague as to everyone; Herrera wholly fails to explain how the law is too vague as applied to his
particular conduct. See id. In the absence of an "as applied" argument, Herrera has failed to show
that the racing statute is unconstitutionally vague as applied to him; therefore, we do not reach the
issue of whether the statute is unconstitutionally vague on its face. See id. We overrule Herrera's first
two issues.

 In his third issue, Herrera argues that the trial court erred in denying his motion to set aside
the information because the information failed to meet the requirements of articles 21.11 and 21.23
of the Texas Code of Criminal Procedure. Specifically, he argues that "the offense of racing on a
highway, as charged in the information, failed to enable a person of common understanding to know
what is meant or have notice of the particular offense with which he is charged." See Tex. Code
Crim. Proc. Ann. art. 21.11 (Vernon 2009) (providing that an indictment is sufficient if it charges
an offense in "ordinary and concise language in such a manner as to enable a person of common
understanding to know what is meant, and with that degree of certainty that will give the defendant
notice of the particular offense with which he is charged"); id. art. 21.23 (stating that the rules with
respect to allegations in an indictment and the certainty required also apply to an information). We
review the sufficiency of an indictment or information de novo. State v. Moff, 154 S.W.3d 599, 601
(Tex. Crim. App. 2004).

 Here, the information tracked the language of the racing on a highway statute. Generally, an
indictment or information is sufficient if it tracks the language of the statute. Id. at 602. An exception
exists if the statutory language is not itself completely descriptive of the offense, in which case, more
particularity is required to be pled. Evans v. State, 623 S.W.2d 924, 925 (Tex. Crim. App. [Panel
Op.] 1981). In Urdiales, 2009 WL 1883932, at *4, we addressed this same issue and held that the
information was sufficient:

 Urdiales argues the information is inadequate for the same reasons he asserts the
statute is unconstitutional-because it fails to adequately notify him of the particular
conduct that gave rise to the criminal charges. However, in his brief and at argument
Urdiales did not explain how the alleged lack of notice prevented him from
investigating the offense and preparing a defense, other than to state that the statute
is itself too vague. We must conclude that Urdiales has not fully briefed this issue
because he has failed to establish in his first two issues that the statute is
unconstitutionally vague as applied to his particular conduct. Accordingly, because
the information tracked the statutory language, we hold it was sufficient under article
21.11.


As in Urdiales, Herrera has not explained how the alleged lack of notice prevented him from
investigating the offense and preparing a defense, other than to state that the statute is itself too
vague. Thus, as in Urdiales, we must conclude that Herrera has not fully briefed this issue because
he has failed to establish in his first two issues that the statute is unconstitutionally vague as applied
to his particular conduct. Applying the reasoning in Urdiales to this case, we likewise hold that
because the information tracked the statutory language, it was sufficient under articles 21.11 and
21.23. We overrule Herrera's third issue.

Conclusion


 We affirm the judgment of the trial court. 

 

 Karen Angelini, Justice

DO NOT PUBLISH

1. The Honorable Brenda Chapman presided over the motion to set aside the information. The Honorable Al
Alonso signed the judgment. 
2. Herrera does not explain how the Texas Constitution provides more protection than the United States
Constitution. Therefore, to the extent that the Texas Constitution does provide more protection than the United States
Constitution, Herrera has inadequately briefed the issue. See Tex. R. App. P. 38.1(i).
3. The clerk's record contains the information, Herrera's plea and waiver of his rights, and the trial court's
admonishments. However, because this case involves a misdemeanor offense, the record contains no stipulation of the
evidence against Herrera.