

## MEMORANDUM OPINION

No. 04-08-00547-CR

Anthony Joseph **HERRERA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No.1, Bexar County, Texas
Trial Court No. 232454
Honorable Al Alonso, Judge Presiding[1]

Opinion by:     Karen Angelini, Justice
Concurring opinion by:  Sandee Bryan Marion, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:  July 29, 2009

AFFIRMED

Anthony Joseph Herrera was charged by information with the misdemeanor offense of racing

on a highway. After his motion to set aside the information was denied, Herrera entered a plea of

nolo contendere pursuant to a plea-bargain agreement. The trial court deferred finding Herrera guilty,

---

[1] ▲ The Honorable Brenda Chapman presided over the motion to set aside the information. The Honorable Al Alonso signed the judgment.

placed him on deferred adjudication community supervision for a period of six months, and assessed a fine, court costs, and community service. On appeal, Herrera argues that the trial court erred in denying his motion to set aside the information because the offense of racing on a highway is unconstitutionally vague. We affirm.

## DISCUSSION

Herrera was charged by information with the Class B misdemeanor offense of racing on a highway. The amended information, which substantially tracked the statutory language for the offense, alleged that "on or about the 14th day of October 2007 Anthony Herrera did then and there intentionally and knowingly participate as the driver and operator of a motor vehicle in a race, namely: the use of one or more vehicles in an attempt to outgain and outdistance another vehicle." *See* TEX. TRANSP. CODE ANN. § 545.420(a)(1), (b)(2)(A) (Vernon Supp. 2008).

In his first two issues, Herrera argues that the trial court erred in denying his motion to set aside the information because the offense of racing on a highway is unconstitutionally vague and violates his due process rights under the United States Constitution and the Texas Constitution.[2] Herrera challenges the portion of the statute defining the type of "racing" with which he was charged: using one or more vehicles in an attempt to "outgain or outdistance another vehicle." *See* TEX. TRANSP. CODE ANN. § 545.420(b)(2)(A) (Vernon Supp. 2008). He argues that this language is impermissibly vague and fails to give an ordinary citizen sufficient notice of what conduct is criminalized, and fails to give sufficient guidance to law enforcement to prevent arbitrary or

---

[2] Herrera does not explain how the Texas Constitution provides more protection than the United States Constitution. Therefore, to the extent that the Texas Constitution does provide more protection than the United States Constitution, Herrera has inadequately briefed the issue. *See* TEX. R. APP. P. 38.1(i).

discriminatory enforcement. That is, he argues that this language can encompass the legal act of passing another vehicle on a highway.

We first note that Herrera has not made any specific argument in his brief explaining how the racing statute is unconstitutionally vague as applied to his particular conduct. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982) (explaining that to challenge the vagueness of a law that does not reach constitutionally protected conduct, a person must first show the law is unconstitutionally vague as applied to him because a person "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others"); *Bynum v. State*, 767 S.W.2d 769, 773-74 (Tex. Crim. App. 1989) (explaining that when First Amendment rights are not implicated, a court must first consider whether the statute is impermissibly vague as applied to the challenging party's specific conduct). Indeed, neither the record nor Herrera's brief reveals to this court what Herrera's particular conduct was in this case.[3] Recently, in *Urdiales v. State*, No. 04-08-00546-CR, 2009 WL 1883932, at *3 (Tex. App.—San Antonio July 1, 2009, no pet. h.), the appellant, like Herrera, raised the issue of whether the racing statute was unconstitutionally vague on its face. However, we did not reach the issue because the appellant had failed to show how the racing statute was unconstitutionally vague as applied to his conduct. *Id.* Likewise, here, Herrera argues that the racing statute is impermissibly vague as to everyone; Herrera wholly fails to explain how the law is too vague as applied to his particular conduct. *See id.* In the absence of an "as applied" argument, Herrera has failed to show that the racing statute is unconstitutionally vague as applied to him; therefore, we do not reach the

---

[3] The clerk's record contains the information, Herrera's plea and waiver of his rights, and the trial court's admonishments. However, because this case involves a misdemeanor offense, the record contains no stipulation of the evidence against Herrera.

issue of whether the statute is unconstitutionally vague on its face. *See id.* We overrule Herrera's first two issues.

In his third issue, Herrera argues that the trial court erred in denying his motion to set aside the information because the information failed to meet the requirements of articles 21.11 and 21.23 of the Texas Code of Criminal Procedure. Specifically, he argues that "the offense of racing on a highway, as charged in the information, failed to enable a person of common understanding to know what is meant or have notice of the particular offense with which he is charged." *See* TEX. CODE CRIM. PROC. ANN. art. 21.11 (Vernon 2009) (providing that an indictment is sufficient if it charges an offense in "ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged"); *id.* art. 21.23 (stating that the rules with respect to allegations in an indictment and the certainty required also apply to an information). We review the sufficiency of an indictment or information de novo. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).

Here, the information tracked the language of the racing on a highway statute. Generally, an indictment or information is sufficient if it tracks the language of the statute. *Id.* at 602. An exception exists if the statutory language is not itself completely descriptive of the offense, in which case, more particularity is required to be pled. *Evans v. State*, 623 S.W.2d 924, 925 (Tex. Crim. App. [Panel Op.] 1981). In *Urdiales*, 2009 WL 1883932, at *4, we addressed this same issue and held that the information was sufficient:

> Urdiales argues the information is inadequate for the same reasons he asserts the statute is unconstitutional–because it fails to adequately notify him of the particular conduct that gave rise to the criminal charges. However, in his brief and at argument Urdiales did not explain how the alleged lack of notice prevented him from

investigating the offense and preparing a defense, other than to state that the statute is itself too vague. We must conclude that Urdiales has not fully briefed this issue because he has failed to establish in his first two issues that the statute is unconstitutionally vague as applied to his particular conduct. Accordingly, because the information tracked the statutory language, we hold it was sufficient under article 21.11.

As in *Urdiales*, Herrera has not explained how the alleged lack of notice prevented him from investigating the offense and preparing a defense, other than to state that the statute is itself too vague. Thus, as in *Urdiales*, we must conclude that Herrera has not fully briefed this issue because he has failed to establish in his first two issues that the statute is unconstitutionally vague as applied to his particular conduct. Applying the reasoning in *Urdiales* to this case, we likewise hold that because the information tracked the statutory language, it was sufficient under articles 21.11 and 21.23. We overrule Herrera's third issue.

### CONCLUSION

We affirm the judgment of the trial court.

Karen Angelini, Justice

DO NOT PUBLISH